NOT DESIGNATED FOR PUBLICATION

No. 121,290

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIGUEL ANGEL VILLEFRANC,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM: Miguel Villefranc appeals the trial court's decision to revoke his probation and impose his original sentence. We granted Villefranc's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed no response. Finding no error, we affirm.

On August 10, 2016, Villefranc pled guilty to one count of felony possession of drug paraphernalia. On September 1, 2016, the trial court sentenced Villefranc to 24 months in prison. As Villefranc's criminal history score fell in a border box, the court granted his motion for probation and instead imposed a 12-month probation term with community corrections. The court further ordered that Villefranc begin serving his

1

probation on January 5, 2017, which is when he would be released from a six-month jail sentence in Saline County.

After Villefranc was released from jail in Saline County, he was supposed to report to his intensive supervision officer (ISO) for an intake meeting on January 17, 2017. The day of his appointment, Villefranc contacted his ISO to tell her his ride did not show up to take him to his intake meeting. They rescheduled the appointment for January 19, 2017. Villefranc failed to appear for his appointment on January 19 and failed to contact his ISO. His ISO sent him a letter rescheduling the intake for January 26, 2017. The letter was returned to the ISO as undeliverable, and Villefranc failed to appear for the appointment or call his ISO. On February 1, 2017, the State filed a motion to revoke Villefranc's probation because he was considered an absconder.

Villefranc did not appear in court for a probation violation hearing until May 1, 2019. At the hearing, Villefranc stipulated to the allegations in the State's motion to revoke probation. Furthermore, his ISO testified that he never contacted her and that he was convicted of five additional felonies and misdemeanors in Saline County between January 5, 2017, and May 1, 2019. Based on this information, the trial court revoked Villefranc's probation and ordered him to serve his original 24-month prison sentence. Villefranc timely appeals.

In his motion for summary disposition, Villefranc contends that the trial court abused its discretion in revoking his probation. Specifically, he argues that the trial court erred in not imposing one of the intermediate sanctions outlined in K.S.A. 2018 Supp. 22-3716(c)(1). Villefranc concedes that the court can impose an original sentence without ordering intermediate sanctions where a probation violator commits new felonies while on probation.

K.S.A. 2018 Supp. 22-3716 outlines the procedure for revoking a defendant's probation. Generally, once evidence of a probation violation is established, the decision

2

to revoke probation rests in the trial court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The movant bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A trial court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

After reviewing the record, we find that the trial court did not abuse its discretion in revoking Villefranc's probation and imposing his original prison sentence instead of first ordering intermediate sanctions. K.S.A. 2018 Supp. 22-3716(c)(8)(A) provides that where an offender commits a new felony or misdemeanor while on probation, the court may revoke probation without imposing intermediate sanctions and impose the original sentence. K.S.A. 2018 Supp. 22-3716(c)(8)(B) provides that where an offender absconds from supervision while on probation, the court may revoke probation without imposing intermediate sanctions and impose the original sentence.

Here, the record shows that Villefranc committed three additional misdemeanors and two additional felonies in Saline County while on probation in this case. Furthermore, the record shows that Villefranc absconded from supervision—a fact which he stipulated to at his probation violation hearing. Under K.S.A. 2018 Supp. 22-3716(c)(8), the trial court was well within its discretion to revoke Villefranc's probation without imposing intermediate sanctions. A reasonable person could agree with the trial court's decision, and such a decision is not based on an error of law or fact. Because Villefranc fails to show that the trial court abused its discretion in revoking his probation, we affirm the trial court's ruling.

Affirmed.

3